## A08A1411. SOUTHWAY CRANE AND RIGGING, INC.
## v. FEDERAL INSURANCE COMPANY.

(669 SE2d 482)

SMITH, Presiding Judge.

Southway Crane and Rigging, Inc. appeals from the grant of summary judgment to Federal Insurance Company in this action on a public works payment bond. The trial court held that Southway's claim was barred because it failed to comply with the notice requirements of OCGA § 36-91-93 (a) (2). Because material issues of fact remain for a jury's consideration, as detailed below, we reverse.

The Evergreen Corporation was the general contractor and Federal was its surety on a public works contract for the construction of a school in Gwinnett County. Evergreen engaged Dura Art Stone to perform work on the project, and Dura in its turn engaged Southway as a sub-subcontractor. Dura, however, filed for federal bankruptcy protection on June 21, 2005 without paying Southway.

This action began when Southway filed a simple "Complaint on Account" against Dura and Federal on June 27, 2005. Federal answered and interposed the defense that Southway had failed to comply with the provisions of the Georgia Code governing claims against a surety on a public works project. Southway then filed a motion for summary judgment, apparently still maintaining that it was pursuing a simple action on account. Federal opposed the motion, again asserting failure to comply with the notice provisions under OCGA § 36-91-93. Southway then withdrew its motion for summary judgment on March 15, 2006. Federal then filed a motion for summary judgment, asserting that Southway had failed to comply with the provisions of the Code section. Southway responded, providing several affidavits from its sales manager and copies of October 29, 2004 letters which it asserted fulfilled the requirements of OCGA § 36-91-93 (a) (1).

On July 2, 2007, the trial court denied Federal's motion for summary judgment, noting that a hearing was held on May 29, 2007, and finding that "genuine issues of material fact remain on whether plaintiff complied with the statutory requirements of OCGA § 36-91-93." But on December 18, 2007, without any further pleadings on the issue being submitted,[1] the trial court considered Southway's cross-motion for summary judgment, which had been withdrawn some nine months earlier, denied that motion, and granted summary judgment to Federal. This appeal followed.

---

[1] The order recited that a hearing was held on November 14, 2007.

In considering the grant of a motion for summary judgment, this Court conducts a de novo review to determine whether the trial court correctly found the absence of material issues of fact. In conducting this review, we consider the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant.

(Citations omitted.) *Southern Elec. Supply Co. v. Trend Constr.*, 259 Ga. App. 666, 668 (1) (578 SE2d 279) (2003). After reviewing all the pleadings and affidavits de novo, we conclude that all genuine issues of material fact have not been eliminated.

First, and most importantly, a conflict is presented with regard to whether OCGA § 36-91-93 (a) (1) or § 36-91-93 (a) (2) applies here. OCGA § 36-91-92 (a) requires that a contractor furnishing a payment bond shall provide a copy of a statutorily prescribed "notice of commencement" to

any subcontractor, materialman, or person who makes a written request of the contractor. Failure to supply a copy of the notice of commencement within ten calendar days of receipt of the written request from the subcontractor, materialman, or person shall render the provisions of paragraph (1) of subsection (a) of Code Section 36-91-93 inapplicable to the subcontractor, materialman, or person making the request.

Under OCGA § 36-91-93 (a) (1), when a contractor fails to comply with the notice of commencement requirements, a sub-subcontractor acquires a right of action on the payment bond by giving a prescribed written notice to the contractor "within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material . . . for which such claim is made." If the contractor complies with the notice of commencement requirements, however, under OCGA § 36-91-93 (a) (2), the sub-subcontractor must give the contractor a prescribed written notice "within 30 days from the filing of the notice of commencement or 30 days following the first delivery of labor, material, machinery, or equipment, whichever is later" in order to proceed on the payment bond. (Citation and punctuation omitted.) *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 869 (1) (556 SE2d 831) (2001) (applying former OCGA § 36-82-104).

Southway presented an affidavit from its vice president of operations that it requested a copy of the notice of commencement from Evergreen on October 29, 2004, and again by e-mail on November 24, 2004, but never received a copy of the notice until

February 1, 2005. The October 29, 2004 letter attached to the affidavit of Southway's sales manager included a request for a copy of the notice of commencement. Evergreen's vice president, on the other hand, denies having ever received the October 29 letter until it was produced during this litigation, and Evergreen questions whether it was ever sent because other addressees never received similar letters purportedly sent at the same time. Consequently, a material issue of fact exists as to whether Evergreen complied with the notice of commencement requirements so as to fall under the provisions of subsection (a) (2) of OCGA § 36-91-93, or whether Evergreen received Southway's request but failed to comply and thus falls under the provisions of subsection (a) (1).

The record contains other apparently disputed issues of material fact as well. When Southway was still treating this litigation as an action on account, it presented an affidavit from its vice president of operations attaching a statement of account given to Dura. This statement showed that the transactions at issue were dated between January 8 and February 25, 2005. But the affidavit of Southway's sales manager, while it originally stated that Southway began work on the project "on or about January 3, 2005," had that language crossed out and a handwritten addition of "Oct 2004." The sales manager filed a second affidavit identifying an October 29, 2004 letter to Evergreen, and eventually a third affidavit which identified the first date on which services were provided to the project as October 8, 2004. The sales manager attached to the third affidavit a handwritten rental agreement with Dura and an invoice dated October 8, 2004. This evidence presents additional factual conflicts that have not been resolved or explained on the record.

For example, Southway contends that its October 29, 2004 letter fulfilled the requirement of OCGA § 36-91-92 for a written notice to contractor, but, as noted above, Evergreen denies having received it. If a written request was not actually made by Southway, then the contractor had no duty to supply a notice of commencement, and OCGA § 36-91-93 (a) (2) would apply. And, even if a jury determines that subsection (a) (2) applies in this case, a genuine issue of fact will still exist as to when Southway's first delivery under subsection (a) (2) occurred. If, on the other hand, a jury determines that subsection (a) (1) applies in this case, the issue for determination is when Southway last performed labor or furnished material as required under that subsection.

This litigation has traveled a confused and tortuous course, and the multiple affidavits and allegations by the employees of Southway are unusual, to say the least. But the credibility of the parties is an issue for the trier of fact.

> The purpose of providing sufficient notice of a claim is to place the general contractor and its bondsman in a position to protect themselves. Even so, the Georgia act giving materialmen the right to sue on the contractor's bond on public works projects, is a remedial law and therefore is to be liberally construed to secure that object.

(Citations and punctuation omitted.) *Southern Elec.*, supra, 259 Ga. App. at 668. Construing the evidence in this manner and also most favorably to the nonmovant on summary judgment, we cannot conclude that all material issues of fact have been resolved or that judgment is warranted as a matter of law. We therefore reverse the judgment of the trial court.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 13, 2008.

*Scott M. Stevens*, for appellant.
*Smith, Currie & Hancock, Garrett E. Miller, James F. Butler III,* for appellee.